IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| 5TH OF JULY, LLC, et al | ) | |
| | ) | |
| v. | ) | NO. 3:19-0994 |
| | ) | |
| DANIEL ALAN THOMAS, et al | ) | |

**CASE MANAGEMENT ORDER #2**

A telephonic subsequent case management conference was held on August 7, 2020. Counsel participating were: Aubrey Harwell, Jr., Jim Thomas, and Ben Aaron for Plaintiffs and Howard Hertz for Defendants. Counsel reported to the Court that this case is set for mediation with Magistrate Judge Joe Brown (Ret.) on September 18, 2020.[1] To facilitate the parties' attempt at resolution of this case through mediation, the subsequent case management conference is RESCHEDULED for October 1, 2020, at 2:00 p.m. (CDT) as provided for in more detail below. Additionally, the case management schedule and plan is modified as follows:

---

[1] The Court encourages the parties to carefully consider resolution of this case prior to trial. In addition to all the standard reasons that a resolution is beneficial, the unpredictable impact on the Court's operations from the coronavirus pandemic is another consideration. Consistent with local and national efforts, the Court has imposed restrictive measures to manage the spread of the virus and limit the potential for illness and death, including restricted, conditional access to the courthouse, postponement of criminal jury trials and other in-court proceedings, postponement of grand jury proceedings, and use of video or telephonic conferencing for critical proceedings. The Court has adopted a phased approach during the pandemic to continue and resume operations. The Court is unable to predict what long-term impact these necessary measures will ultimately have on operations. The Court notes that it is now ready, willing, and able to hold civil jury trials, subject to changing conditions and with appropriate safety measures in place. However, once criminal trials resume, any scheduled civil jury trial could be forced to give way to a criminal trial. In light of the uncertain duration of the ongoing COVID-19 pandemic, the number of jury trials that have had to be postponed, the legal imperative to prioritize criminal trials once the Court can hold criminal jury trials again, and the congestion of the Court's calendar even prior to the pandemic, the Court strongly encourages litigants in in all pending civil cases to intensify their efforts at case resolution as a means by which they can ensure not only certainty of outcome and finality, but also the timing of resolution.

1.      To accommodate the emergency COVID-19 restrictions and still move this case forward, the parties shall: (i) discuss the fullest possible utilization of written discovery, including the use of Fed. R. Civ. P. 31 and (ii) utilize Fed. R. Civ. P. 29 to stipulate to details for taking depositions by video or other remote means. The parties may seek assistance from the Court with the logistics of written discovery or remote depositions by contacting chambers for a status conference without the necessity of compliance with the ordinary discovery dispute resolution procedures. All other discovery provisions remain unchanged.

2.      The subsequent case management conference will be held telephonically using the Court's conference line (*see* Docket No. 41) on **October 1, 2020, at 2:00 p.m. (CDT)** to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement; whether any modifications to case management deadlines are needed; setting of another case management conference; selection of a target trial date; and, any other appropriate matters. Counsel for the parties must discuss these matters in advance and be prepared for discussion during the subsequent case management conference. If the parties propose to modify the case management schedule, they must file a joint proposed new schedule, and email a copy in Word format to Ms. Jeanne Cox, Courtroom Deputy, at Jeanne_W_Cox@tnmd.uscourts.gov, by no later than **the day before** the subsequent case management conference.

3.      All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

2

Case 3:19-cv-00994   Document 42   Filed 08/07/20   Page 2 of 2 PageID #: 243