UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| 5th OF JULY, LLC, and<br>SWEETY HIGH, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>DANIEL ALAN THOMAS *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   **Civil Action No. 3:19-cv-00994**<br>)   **Judges Crenshaw/Holmes**<br>)   **JURY DEMAND**<br>)<br>)<br>) |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, 5th of July, LLC, Sweety High, Inc., Daniel Alan Thomas, Kristina Marie Thomas, and TMT (hereinafter referred to as the "parties"), are exchanging discovery that requires the production of documents and the disclosure of information concerning various issues.

WHEREAS, the parties may contend that the disclosure of certain documents and information may reveal proprietary or other information that is privileged or otherwise confidential.

WHEREFORE, the Court, being fully advised in the premises, finds as follows:

1. Any party to this action, or any third party, may designate as "Confidential" those documents, deposition testimony, interrogatory answers or other responses to discovery that are reasonably and in good faith believed to constitute or contain trade secret or confidential information or are otherwise protectable under applicable law.

2. This Order shall include all information and materials so designated during the course of this action by any party or third party ("Designating Party"), including information disclosed: (a) during formal discovery; (b) in any pleading, document, affidavit, brief, motion,

transcript or other writing; (c) in testimony given at deposition; and (d) through any manner or means of discovery including inspection of books, records, documents and tangible things.

3. The "Confidential" designation shall be made by placing on the document or material containing such information, a legend that in substance states: **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – Case No. 3:19-cv-0994."** The legend shall be placed upon each page designated Confidential and shall not interfere with the legibility of the document.

4. Testimony given and exhibits produced during depositions may be designated Confidential by indicating that fact on the record at the deposition. If a Designating Party advises the court reporter that Confidential Information was disclosed during a deposition, the court reporter shall include on the cover page the following indication: **"Deposition Contains CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER In Case No. 3:19-cv-0994 In the United States District Court for the Middle District of Tennessee."** Within fifteen (15) business days of receipt of the initial hard copy deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential Information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential and amend the cover page to reflect that these specific designations have been made. Counsel for any party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential, if so designated at the deposition.

5. Information designated as "Confidential" shall be maintained in confidence by any party to this action and/or their principals or representatives to whom such materials are produced or disclosed and shall not be further disclosed except to: (a) the Court and its personnel and any appellate court with jurisdiction over this action; (b) counsel for the parties to this action, along

2

Case 3:19-cv-00994   Document 43-1   Filed 09/14/20   Page 2 of 7 PageID #: 247

with legal associates or paralegals and other support staff who are employed by such counsel and are actually involved in assisting in the litigation; (c) court reporters who record deposition or other testimony in this action; (d) those directors, officers and employees of the parties to this action who are assisting in the litigation; (e) experts or consultants retained by the parties to this action, or their counsel, to assist in the conduct of this litigation; (f) deposition witnesses, but only in connection with preparation for or during the course of the noticed and scheduled deposition; and (g) any other person as to whom the parties to this action, after meeting and conferring in good faith, in writing agree shall have access to such information. If the parties cannot agree, any party to this action may submit the matter to the Court for resolution.

6. Any person authorized by this Order to receive information designated as "Confidential" shall maintain such information as confidential in accordance with this Order and shall use such information solely for the purpose of preparing for and conducting this action. No information designated as "Confidential" shall be used for any business, commercial or competitive purposes. Any use of information designated as "Confidential" for business, commercial or competitive purposes shall be considered a violation of the terms of this Protective Order. Additionally, no such information shall be disclosed to persons other than the parties to this action or those persons identified in Paragraph 5.

7. In no event shall any material or testimony designated as "Confidential" be disclosed to any person pursuant to Paragraph 5, with the exception of persons under Paragraph 5(a)-(c), until that person has executed a written, dated declaration in the form attached as **Exhibit A**, acknowledging that he or she has received and read a copy of this Stipulation and Protection Order and agreeing to be bound by its terms. The parties warrant that they will obtain declarations for

all such persons prior to disclosure. Counsel of record shall be responsible for maintaining a file of all original executed declarations.

8. In the event that information designated as "Confidential" is disclosed to someone not authorized to receive it, counsel of record for the party involved shall immediately give notice of the unauthorized disclosure, including a full description of all pertinent facts, to all counsel of record and counsel for any third-party Designating Party.

9. Where any information designated as "Confidential" is included in any Court filing, such filing shall be marked **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."** If any party seeks to have such material filed under seal, the party must comply with the procedures set forth in paragraph III.E of the Court's Practice and Procedure Manual.

10. Within thirty (30) days after the conclusion of this litigation by settlement or judgment (including all appeals, if any), all information designated "Confidential" and all copies thereof that any party may have in their possession shall either be destroyed or returned to counsel who originally produced the same, provided that work product of counsel containing or reflecting information designated as "Confidential" may be retained or destroyed at the option of that counsel.

11. A party shall not be obligated to challenge the propriety of a designation by another party of information as "Confidential" at the time such designation is made, and a failure to make any such challenge shall not preclude a subsequent challenge by such party to such designation. Any party may move the Court, upon notice, to remove the designation of "Confidential" with respect to any specified document, testimony, or any other thing, or any portion thereof. Except as provided herein, the Designating Party shall have the burden of proving the propriety of such designation.

12. Nothing herein shall be construed as a waiver of the right of any party to object to the admissibility of any evidence where such objection is based on a ground or grounds other than that the evidence involves "Confidential" material or testimony, and nothing herein shall be construed as an agreement that any information designated as "Confidential" shall be withheld or excluded from evidence in this lawsuit.

13. Nothing shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

14. In the event that any party is served any judicial process, court order, and/or administrative or regulatory order to compel production or disclosure of information designated as "Confidential," that party shall inform the Designating Party and all other parties to this action within five (5) days of the receipt of such process or order.

15. The provisions of this Order may be modified at any time by stipulation of the parties to this action that is approved by Order of the Court. In addition, any party to this action may apply to the Court for modification of this Order.

16. Insofar as the provisions of this Order restrict communication about and use of the information designated as "Confidential", this Order shall continue to be binding after the conclusion of this litigation and the Court will retain jurisdiction to enforce it. Any party to this action may seek written permission of the Designating Party or further order of the Court with respect to dissolution or modification of this Order.

17. The Court shall retain continuing jurisdiction beyond the conclusion of this lawsuit, including without limitation during any appeal, to enforce the provisions of this Confidentiality Agreement against all persons bound by it.

ORDERED this _____ day of September, 2020.

                                                          _____
                                                          United States Magistrate Judge

APPROVED FOR ENTRY:


James G. Thomas_____
Aubrey B. Harwell, Jr., TBPR No. 002559
James G. Thomas, TBPR No. 007028
Benjamin C. Aaron, TBPR No 034118
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN  37203
Telephone: (615) 244-1713
Facsimile: (615) 726-0573

*Counsel for Plaintiffs*



Howard Hertz_____
Howard Hertz (*admitted pro hac vice*)
HERTZ SCHRAM PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI  48302
Telephone: (248) 335-5000
Facsimile: (615) 259-1389

*Counsel for Defendants*

# EXHIBIT 'A'

## ACKNOWLEDGEMENT

     I, _____, hereby state that I have read a copy of the Stipulation and Protective Order entered by the Court in Case No. 3:19-cv-0994 in the United States District Court for the Middle District of Tennessee. I agree to be bound by the terms and conditions set forth in the Protective Order and hereby subject myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for an action alleging my breach of the Protective Order.

_____
Signature

_____
Printed Name

Sworn to before me and subscribed in my presence this _____ day of _____ _____, 202\_.

_____
Notary Public

7

Case 3:19-cv-00994   Document 43-1   Filed 09/14/20   Page 7 of 7 PageID #: 252